### Newt Brookreson v. The State.

No. 5847.  Decided November 17, 1920.

1.—Murder—Argument of Counsel.

Where, upon trial of murder, while the private prosecutor was addressing the jury in the presence of a large number of people, the latter applauded the statement of the prosecutor that a verdict of not guilty, or one with the suspended sentence, would stink in the nostrils of every citizen in the county of the prosecution, and counsel repeated this remark after being reprimanded by the court, the same was reversible error.  Following Conn v. State, 11 Texas Crim. App., 390, and other cases.

2.—Same—Rule Stated—Argument of Counsel.

It is a safe and sound rule that where the facts justify a conviction, and the argument of State's counsel probably induced a punishment above the minimum, it is reversible error.  Following McIntosh v. State, 85 Texas Crim. Rep., 417.

3.—Same—Suspended Sentence.

Another reason for reversal on account of the argument of State's counsel, is the fact that defendant entered his plea for a suspended sentence, of which said argument would deprive him.

4.—Same—Newly Discovered Evidence—Practice on Appeal.

Where, the judgment is reversed and the cause remanded upon other grounds, the question of newly discovered evidence need not be considered.

Appeal from the District Court of Taylor.  Tried below before the Honorable Harry Tom King.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

· *W. P. MaHaffey* and *Cunningham & Oliver,* for appellant.—Cited Smith v. State, 44 Texas Crim. Rep., 218; Smith v. State, 55 id., 569; Dunn v. State, 212 S. W. Rep., 512; Harris v. State, 72 Texas Crim. Rep., 120; Faulkner v. State, 80 id., 341, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, and *W. J. Cunningham,* District Attorney, and *Stinson, Chambers* and *Brooks,* for the State.—On question of argument of counsel: Collins v. State, 148 S. W. Rep., 1065. Freeman v. State, 188 S. W. Rep., 425; Welsh v. State, 147 S. W. Rep., 517.

DAVIDSON, PRESIDING JUDGE.—The court submitted in his charge the issues of murder, manslaughter, self-defense and appellant's plea for suspended sentence.

It is urgently insisted by appellant that the evidence does not justify the verdict for murder with the allotted ten years punishment. This is rather a close question on the facts, but in view of the disposition made of the case that question will not be discussed, but it is mentioned in view of the statements of the bill of exceptions reserved to the argument of State's counsel. This bill recites that during the trial of the case and while it was being argued by counsel there was a very large crowd present in the court room and galleries numbering perhaps one thousand people; that while one of the private prosecutors was addressing the jury the audience twice cheered his remarks, · · whereupon the court reprimanded the audience, and further stated that if necessary he would clear the galleries, and shortly thereafter the said James P. Stinson, private prosecutor, continung his address to the jury, stated that a verdict of not guilty in this case or a verdict with a suspended sentence would stink in the nostrils of every citizen in Taylor County. Exceptions were reserved to these remarks as being inflammatory, highly prejudicial to the defendant, and not a legitimate deduction from the evidence. It is further recited that the court sustained these objections and instructed the jury not to consider the remarks. This bill is qualified as follows: "No cheering, but there was twice a ripple of laughter at the remarks of Judge Stinson, where-upon the court requested that there be no applause, referring simply to laughter at some remarks made by counsel."

Under a number of decisions, notably Conn v. State, 11 Texas Crim. App., 390; Crawford v. State, 15 Texas Crim. App., 501; Smith v. State, 44 Texas Crim. Rep., 142, and other cases, this court has condemned arguments of a very similar nature as being reversible error. Speeches and arguments of an improper character have often and with recurring frequency been indulged in by prosecuting officers to the detriment of a fair trial as against real issues and facts raised by the evidence. Abuse of the accused and appeals to popular clamor have caused many reversals. Such conduct does not conduce to fair trials and often influences a jury to go beyond the evidence in con-

victing, and, even where the conviction may be proper, in assessing a higher punishment than otherwise may have been inflicted. It has been a very difficult matter for this court to lay down a rule that would adjust itself to all cases, but it seems safe to say that where such conduct may have brought about a conviction, or assisted in doing so, when without it there may have been an acquittal, such conduct is of such a nature as requires this court to reverse. It is an equally safe and sound rule, and well recognized, that where the facts justify a conviction, if the argument probably induced a punishment above the minimum, it is reversible error. Where the argument may have affected the result the cause should be reversed. In the recent case of McIntosh v. State, 85 Texas Crim. Rep., 417, 213 S. W. Rep., 659, this court felt called upon to make the following observations:

"Impressions made on the mind can no more be erased by such instructions than the memory of a curse or a blessing can be torn out and thrust away by the effort of the will. When prejudicial and persisted in so that same appear not occasional or accidental, and when it further appears from the verdict that the same may have affected the result, the case will be reversed for such misconduct."

In the case quoted the appellant was given the life sentence. The court, further said: "It may be shown to be deserved, by the pertinent facts, but it is our opinion that the issue should be decided without the presence of the prejudicial and harmful matters referred to."

Passing upon such questions we look to the record. Here we find the issues presented, first, murder, second, manslaughter, third, self-defense, and, fourth, suspended sentence. Without stating in detail the evidence, the contention is made that it is insufficient to justify a conviction for murder, and that where a conviction for murder was or may have been induced by illegitimate and unwarranted argument it should cause a reversal. Many cases are cited in support of this proposition. When the evidence is fairly well balanced on issues, errors which may not have been otherwise of a serious import become of a grave nature in view of the presumption of innocence and the legal doubt of guilt, not only as to the general case but as between the degrees of the homicide as well as affecting the jury and in passing upon the suspended sentence. If the evidence is strong, showing guilt, those presumptions may become of less cogency, but where it is on close or doubtful lines the rule should be different. In the first state of case above mentioned, errors become or may become very material in bringing about a conviction or enhancing the punishment. Every trial should be conducted with the overshadowing principle of presumption of innocence dominating the trial aided by the legal doubt of guilt. This presents another aspect in view of the fact that appellant entered his plea of suspended sentence. If the argument conduced to the verdict for murder, it deprived appellant

of the benefit of his plea. Had he been convicted of manslaughter, the jury could have awarded him a suspended sentence. What effect this argument had is more or less conjectural. It is certain, however, that appellant was convicted of murder and allotted ten years in the penitentiary, which is five years above the minimum, and that his plea of suspended sentence was ignored. The jury were told that if he was acquitted or awarded a suspended sentence, it would be a stench in the nostrils of every citizen of Taylor County. There were a thousand of the people of that county attending and witnessing the trial and evidently encouraging the prosecuting officer while making his speech. The court suppressed their manifestation of approval, he says, for fear there would be applause. This shows the feeling of those present as being fully in sympathy with the remarks of learned counsel and adverse to appellant. This was recognized by the court, and he, to prevent further disturbance or further manifestations, threatened to clear the galleries unless they desisted. Appllant is shown to be a man sixty years of age, and, without contradiction or impairment, of high character and standing. He had lived in that county about forty years or longer an unblemished life. What effect did the speech have, or what was its probable effect upon the jury? This may be reflected in their verdict convicting of murder and allotting ten years. In their presence during the speech there was an audience of a thousand people approving these remarks. Was this not a fair criterion of the public opinion of the county? This was noticed not only by the court and a reprimand and a threat to clear the galleries administered, but was observed by the jury, and may have affected them. There probably could not have been a stronger appeal to render a verdict on public opinion than that made by the prosecuting counsel, based upon public sentiment of the people, not upon the facts. In the Conn case, *supra*, the judgment was reversed because counsel for the prosecution appealed to the jury to convict Conn because the good people of Guadalupe and Gonzales counties desired his conviction. Here the appeal to the jury was that if a conviction was not obtained it would be a stench in the nostrils of every citizen of Taylor County; not only so, but the appeal went farther and proclaimed that the stench would be equally as offensive should the jury see proper to award a suspended sentence to appellant. He was entitled to a fair trial on the facts and a verdict based on the evidence. He should not have been tried on public opinion, however offensive the stench would be either against an acquittal or for awarding him a suspended sentence. We think this is of such a nature and character as should not be sustained by this court.

The other questions are not discussed. The newly discovered testimony can be obtained upon another trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*