HENRY BRISTER v. THE STATE.

No. 8086. Decided May 7, 1924.

**1.—Selling Intoxicating Liquor—Argument of Counsel.**

A statement from the prosecuting officer that a man was guilty within his knowledge and belief, meaning . the defendant, unless predicated on his opinion from the evidence, is bad enough, but when he makes a statement with distinct reference to and under the oath of office the matter is so clearly erroneous that the instruction of the court to the jury not to consider it, could not remove or prevent the injurious effect of such statements upon the jury, and the same is reversible error, under the facts of the instant case.

**2.—Same—Accomplice—Charge of Court—Soliciting.**

Complaint of the failure of the court to charge on accomplice testimony based on the proposition that the witness Lewis became an accomplice by reason of having solicited appellant to sell him the liquor has been held against appellant's contention, and there is no reversible error.

**3.—Same—Evidence—Odor of Liquor.**

It was error on the part of the court to reject the testimony of witnesses who saw appellant at his home on the evening of the alleged sale, and that they were in a position to have detected the odor of liquor upon the breath of appellant, if there had been any such odor, and that they did not detect or notice same upon his breath.

**4.—Same—Evidence—Other Transaction.**

Testimony of the details of criminal transactions connected with car theft, in which the witness Lewis had been concerned, was properly rejected.

Appeal from the District Court of Mills. Tried below before the Honorable Lewis H. Jones.

Appeal from a conviction of selling intoxicating liquor; penalty, two years and one-half imprisonment in the penitentiary.

The opinion states the case.

*J. C. Darroch* and *Calloway & Calloway*, for appellant.—On question of argument of ·counsel: Parks v. State, 35 Texas Crim. Rep.,

378; Grimes v. State, 64 id., 64; Roach v. State, 232 S. W. Rep., 504; Cannon v. State, 208 id., 660.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Mills County of selling intoxicating liquor, and his punishment fixed at two and one-half years in the penitentiary.

From the record we learn that appellant is a stock farmer, owning about 700 acres of land which he farms and on which he raises sheep and cattle; that he lives about ten miles from Goldthwaite and has lived there about fifteen years and has a family.

The State relies upon the testimony of one Rex Lewis who testified that on the 24th of March he saw appellant in the town of Lometa accompanied by a man whom we conclude from the record to be one Hicks Bledsoe. Lewis said that at the time he met appellant the latter was noticeably drunk and staggering; also that the man with him was noticeably drunk, this being about 12 o'clock in the day. Lewis further testified that appellant remained in Lometa until late in the afternoon and left town with the other man traveling in a five passenger Dodge car and witness got in his car and followed them and overtook them four or five miles out, at which point he stopped appellant and asked him if he had anything to drink and took two drinks of whisky out of a quart jar which they had sitting between their feet in the front of the car; that both appellant and Bledsoe were still drunk enough to be observed by anybody and that they drank at this point with witness. Lewis said they then drove on to appellant's home getting there somewhere between 4:30 and 6:30 P. M. Witness said he got out of his car and went with appellant to his cellar where there was a still and some whisky in a jug out of which appellant poured a quart and sold it to witness. Upon cross-examination witness admitted that he had been indicted in Waco three times for theft of automoblies and an equal number of times in Bell County, and also testified that he had been connected with cars which proved to be stolen in McCulloch County and in Runnels County as well as in Bell and McLennan Counties. If we correctly analyze the testimony of this witness as given upon cross-examination, it shows him to have had connection with a great many cars in Dallas, Waco, San Antonio and the intervening counties, which cars proved to be stolen. Witness said he kept the quart bottle of whisky obtained from appellant for some time, gave part of it away, and the jar containing the remainder was gotten out of his room by the mayor and turned over to the sheriff. The mayor testified that he got the jar and turned it over to the sheriff, and the latter testified he received a jar con-

taining whisky from the mayor and identified it before the jury. He also testified that he had Lewis in his employ as a detective assisting in running down bootleggers. It will be noted that while Lewis swears that he found a still at appellant's home, the record fails to show that he reported this fact to the officers, or had them make search for same.

A predicate was laid while State witness Lewis was on the stand by asking him in regard to his testimony in a certain case. The defense introduced the stenographic testimony taken upon the trial of the case referred to which shows that witness Lewis had given information regarding fourteen stolen cars upon promise that he would not be prosecuted for any connection therewith. For appellant more than a dozen witnesses, who were business men, friends and relatives, testified to facts flatly contradicting Lewis upon all the material points in his testimony. No reflection upon their credibility appears, and no reason is suggested why they should swear falsely. We recognize the fact that the jury are the primary judges of the credibility of witnesses and the weight to be given their testimony, and we rarely disturb verdicts which appear to have support. Bearing in mind the previous history of the State witness Lewis and the fact that the State offers no testimony corroborating him in any particular in the instant case save the production of a jar of whisky obtained from him by the mayor and the sheriff, which amounts to no corroboration at all because of the ease with which said jar of whisky might have been otherwise procured; also bearing in mind the large amount of testimony from apparently disinterested and credible witnesses who deny entirely the story of Lewis that appellant and Bledsoe were drunk in Lometa on the day in question, and also observing the testimony of appellant, Hicks Bledsoe, appellant's daughter, and the other witnesses who contradict the testimony of Lewis, as to the fact of the sale of liquor, and concluding the case to be upon exceedingly close lines on the sufficiency of the testimony, we observe in the record complaint of the argument made by the district attorney which sheds some light upon the question as to why the jury may have convicted upon testimony of the kind referred to. We quote from the bill of exceptions complaining of this argument the following statement attributed to the district attorney:

"Gentlemen of the Jury: Your sheriff procured the services of Rex Lewis and paid him his own money to clean up your county of bootleggers. Do you suppose that he did not make an investigation of Mr. Lewis and his services in Bell County, where he had been employed by Mr. Bonds, Sheriff of Bell County, in running down bootleggers before he hired him. Don't you know that he did, and found him worthy of belief and competent to do this character of business? Now it is your duty to uphold the hands of your officers and the good

people of this community in stamping out the bootlegging business in this county, and I say to you on my oath as your district attorney that there never was tried in this court house or any other court house a man more guilty than Henry Brister is in this case. I say to you on my oath as district attorney of this district that he is guilty, and that I believe him to be guilty and you will not be doing your duty as jurors under your oaths in upholding the hands of your officers if you do not convict him.''

When this argument was objected to the court orally instructed the jury not to consider same. The qualification placed upon the bill of exceptions refers to the fact that it was in testimony that witness Lewis had been employed by the sheriff at Belton and the sheriff at San Saba and other officers and that the remarks attributed to the district attorney are not as remembered by the court except as to the concluding remarks. It would thus be left to our determination as to what is meant in said qualification by the "concluding remarks." Manifestly it would be wrong for the district attorney, not upon the witness stand but in argument, to state to the jury that the sheriffs had investigated Lewis and found him worthy of belief, and it needs no remark from this court to condemn such a statement as ''I say to you on my oath as district attorney that there never was tried in this courthouse or any other courthouse a man more guilty than Henry Brister is in this case. I say to you on my oath as district attorney of this district that he is guilty, and that I believe him to be guilty and you will not be doing your duty as jurors under your oaths in upholding the hands of your officers if you do not convict him.'' The respect accorded to the office of district attorney by jurors in every case and to this district attorney would make us hesitate in any case before affirming a judgment when there appeared in the record a statement such as just quoted. We need not comment upon it. A statement made by a prosecuting officer that a man is guilty within his knowledge and belief, unless predicated on his opinion from the evidence is bad enough, but when a statement is made with distinct reference to and under the oath of office we believe the matter to be so far erroneous as that the instruction of the court to the jury not to consider it, could not remove or prevent the injurious effect of such statement upon the jury. Particularly is this true in a case such as the one before us where the evidence for the State seemed to come from a witness whose admitted record seems to cast reflection upon his honor and credit; and in which the testimony for the defense was as strong as it is in this record; and we have no doubt of the injurious effect of such an argument and none that the case should be reversed because of same.

Complaint of the failure of the court to charge on accomplice testimony, based on the proposition that the witness Lewis became an accomplice by reason of having solicited appellant to sell him the liquor,

has been held against appellant's contention by us. It is believed by us that the soliciting which is made penal in the statute refers to soliciting parties to buy liquor and is on the same footing as one who takes orders for liquor, and it is not believed reference is had to one who solicits another to sell him liquor. The trial court correctly refused to instruct the jury on the law of accomplice testimony as applicable to the witness Lewis.

We think it error for the court to reject testimony of witnesses who saw appellant at his home about 8 o'clock on the evening of the day of the alleged sale, and that they were in a position to have detected the odor of liquor upon the breath of appellant if there had been any such odor and that they did not detect or notice same upon his breath. This testimony should have been permitted to go to the jury for what it was worth and as rebutting the claim of the State witness Lewis that he saw appellant drunk in Lometa on the afternoon of March 24th and drank with him again on the way home. Testimony of the details of criminal transactions connected with car thefts in which the witness Lewis had been concerned, was properly rejected.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*