dence shows, however, that Pressler did not borrow appellant's car until about the middle of January; that during the entire months of November, December, and January up to the time the car was loaned to Pressler, appellant was using the battery in question; that Pressler used the car about 20 days in February, and appellant used it the balance of the time. After appellant's arrest Pressler undertook to make a settlement with Turney relative to the battery, but declined to pay the rent on it at 25 cents per day. No offer to pay the rent or effort was ever made by either Pressler or appellant to settle or adjust the matter until after appellant was arrested. The evidence shows that in all probability the battery was worn out at the time of trial.

The case was tried before a jury, and we presume the issues both for the state and appellant were fairly presented and discussed, and the jury resolved the issues of fact in favor of the state, finding appellant guilty of the conversion of the battery. In our opinion, we would not be authorized under the evidence to disturb this finding.

[2] Only one bill of exception is in the record. It appears from said bill that while Turney was upon the witness stand he was asked if he knew to whom the battery which was taken out of appellant's car belonged, to which the witness replied that he did. Objection was made to the question upon the ground that the answer would prove the theft of another and different battery by appellant, and would be highly prejudicial. The objection being overruled, the witness answered that the battery in appellant's automobile at the time it was brought to witness' place of business belonged to the Houser Battery Company. There is nothing in the bill to indicate that the witness in any way intimated that such battery had been stolen by appellant or any one else. The only reference to such testimony showing the battery had been stolen was contained in the objection urged. From the bill as presented we discover no error in the ruling of the court relative to the matter.

The judgment is affirmed.

---

### HAGGARD v. STATE. (No. 8867.)

(Court of Criminal Appeals of Texas. Feb. 25, 1925.)

Criminal law ⟶719(1)—Argument of prosecuting attorney held prejudicial as stating facts not in evidence.

In prosecution for transporting intoxicating liquors, argument that doctor, testifying for accused, was accustomed to testify in prohibition cases about prescriptions and excuses to turn defendants loose, *held* prejudicial as stating facts not in evidence.

Appeal from District Court, Freestone County; J. R. Bell, Judge.

Jake Haggard was convicted of unlawful transportation of intoxicating liquor, and he appeals. Reversed and remanded.

O. F. Watkins, of Mexia, and Levi Herring, of Fairfield, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

According to the state's witness Mannahan, a deputy sheriff, he saw the appellant riding horseback in his field about 300 yards from his dwelling house. Upon his arrival at the house the officer found a half-gallon fruit jar of whisky wrapped up in the appellant's slicker and tied to his saddle. The officer said to him: "What is that on your saddle?" Appellant replied: "Whisky; it is mine."

Appellant introduced testimony to the effect that his reputation as a law-abiding citizen was good; also his reputation for truth and veracity. He was a farmer by occupation and had been a citizen of the county for some 40 years. He testified that his wife had been sick for a number of years and that he bought the whisky for her; that the purchase was made on the 10th of January; that Dr. Goolsby had prescribed whisky for his wife. According to the appellant, the purchase was made in his field from a Mexican. He testified that the whisky was not bought for the purpose of sale or with the intention of violating the law in any respect.

Appellant's wife testified that she was 53 years of age and had been married to the appellant for 33 years; that at the time of the alleged offense her health was bad; that she was sick most of the time; that Dr. Goolsby, the family physician, had prescribed whisky for her. She was suffering at the time for a change of life and had requested the appellant to get whisky for her; that she used whisky mixed with Black Draught and Liver Regulator; that she had been in the habit of using it, whenever she could get it, for a long time.

Some testimony was introduced tending to corroborate the appellant's theory that he got the whisky from a Mexican on his farm.

Dr. Goolsby, a licensed physician, testified that he had prescribed whisky on various occasions for the wife of the appellant; that he began prescribing whisky for her some years before and advised her to keep whisky on hand; that he kept a record of the prescriptions written, but, not knowing that he would be called upon for it, he did not have the record with him. He had also prescribed

---

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes