### Sanders Carr v. The State.

No. 11943. Delivered November 7, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor; punishment being óne year in the penitentiary.

It was the contention of the state that appellant was assisting one Brightwell in the operation of a still. Appellant was a negro, Brightwell a white man. The latter had entered a plea of guilty. Officers claimed to have seen appellant "chunk" up the fire under the still. Appellant admitted his presence at the still but claims to have been only a visitor without interest in the manufacture of the liquor or the operation of the still, and that anything he may have done about the fire was with no purpose to aid Brightwell. The only bill of exception in the record recites in substance that it was the theory of the state that there was a high bluff between the still and certain mash barrels which were across the branch on top of the bluff; that a trail lead from the mash barrels to the edge of the bluff and likewise a trail lead from the still to the bluff; that the mash could not be brought down over the bluff by one man when being carried from the barrels to the still. It was the further theory of the state that more than one person was working at the still; that one of them would bring the mash down to the edge of the bluff and hand it down to the other, thus seeking by proof of circumstances to make it appear that appellant was working in connection with his co-defendant Brightwell. It was appellant's contention that he had nothing to do with the still or mash; that the bluff was not so high but that one could carry mash from the barrels to the still and could come down over the bluff for that purpose or go by a trail around the bluff. The bill further recites:

"The evidence introduced by the state and that by the defendant *was conflicting on this issue* and the prosecuting attorney in his argument felt called upon to testify and strengthen his case to the extent that he made the remark and furnished the evidence to the jury as follows: 'I know that a man could not come down off of that bluff. I was there and viewed it later.'"

It is further made to appear by said bill that the district attorney had not testified in the case and that no witness had testified that the district attorney was present at any time and viewed the location. Objecion was interposed to this statement of the district attorney made in argument and a request was made to have the jury told by the court that the argument was improper and should be disregarded. This was refused. The court qualified the bill to some extent, but in no way changed the meaning of the argument objected to. When appellant's counsel interposed objection to the argument the court only admonished state's counsel to stay in the record. We have no option but to reverse the case because of the improper argument indulged in. The bill itself certifies that there was a conflict in the testimony upon the issue and in his qualification the court in no wise modified such certificate. This being true the district attorney injected into the argument a statement which would have been admissible only coming from him as a witness. Brookerson v. State, 225 S. W. 375, McIntosh v. State, 85 Tex. Cr. R. 417, 213 S. W. 659; Coleman v. State, 49 Tex. Cr. R. 82, 90 S. W. 501; Stanchell v. State, 89 Tex. Cr. R. 358, 231 S. W. 120; Haggard v. State, 99 Tex. Cr. R. 354, 269 S. W. 438.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*