CHARLEY DEADWILEY v. THE STATE.

No. 14168.   Delivered April 15, 1931.

The opinion states the case.

*W. S. Birge* and *O. Ellis,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Officers found whisky in appellant's home. He testified that he was ill and had made the intoxicating liquor for his own use as medicine under the advice of a physician. He introduced a doctor who testified that he had told appellant that the use of whisky would be good for the stomach trouble from which he judged appellant to be suffering. Appellant testified at great length, being vigorously cross-examined by the state's attorney:

Appellant's chief complaint appears in his second bill of exception.

Said bill sets out that in his closing argument for the state the following was said by the state's attorney to the jury:

"Why Gentlemen of the Jury, of course the defendant made a pretty good witness; he ought to because he has been in the toils of the law so much he has gained lots of experience in testifying and has gotten to be an expert witness."

Objection was made on the ground that this was inflammatory, prejudicial to the rights of defendant, that the district attorney was giving testimony to the jury illegally which could not have been admitted, and that such argument was not supported by or based on any evidence adduced on the witness stand, there being no testimony that defendant had ever been arrested, or tried for any offense, or that he had ever given testimony in any case, and no evidence that he was an experienced or expert witness. The court was asked to instruct the jury not to consider the argument, but declined to do so. The bill states further in this connection that there was no evidence in the case that appellant had ever been in the toils of the law, or had ever been tried for any offense, or had given testimony in his own or any other behalf, or that he was an experienced or expert witness. It was stated that appellant testified that he had never been indicted or tried for any offense, that he had put his reputation in evidence, and had adduced two witnesses who testified that it was good, and that the state in no way controverted this testimony. The bill is qualified by the trial judge who said that he was occupied with some other matter, and was in doubt as to what was actually said, but that he had inquired and from what was said by the state's attorney and the defendant's attorney the court was of opinion that said state's attorney had substantially said what was claimed in the bill, and that the court was of opinion that this character of argument was justifiable because there was testimony showing that appellant's place had been searched probably illegally for equipment and liquor. The court further certifies that he supposed the assistant district attorney meant that "This experience of having had his place raided so many times would probably aid him in experience in court so that it would help him to make a good witness." The court also sets out what the district attorney claimed he said, but without the certificate of the court that this was in fact what was said. In what the district attorney claimed he said appears the following: "The evidence clearly showed that the defendant was the most expert witness who had testified in the case because 'he had been in the toils of the law so often that he naturally makes a good witness.'" In our opinion such argument was not only clearly unjustified by the fact that officers had on some occasions theretofore illegally raided and searched appellant's premises, but also from the certificate of the court that there was no evidence that appellant had ever been indicted for any offense or tried for such, or that he was an experienced or expert wit-

ness, or that he had ever been in the toils of the law. Clearly, the state's attorney was allowed to thus contradict and reflect upon appellant who had testified that he had never been indicted and had never testified in a case, by the unsworn assertion of the state's attorney. This court has said that if the state's attorney desires to testify he should take the witness stand. Walker v. State, 84 Texas Crim. Rep., 136. This court has said that the state's attorney should not go out of the record and without foundation make statements tending to show that the accused had been convicted of other offenses, or that his reputation is bad, or that what he has said is false. Harrison v. State, 102 Texas Crim. Rep., 385; Carr v. State, 110 Texas Crim. Rep., 644. Many other authorities might be cited. We think the argument of the state's attorney uncalled for and unsupported by the testimony, and of a character to prejudice the rights of the accused before the jury, and because of their coming from a trusted and highly thought of officer of the court, it is impossible for us to estimate the effect of such argument in bringing to the jury belief that the explanation given by the appellant of his possession of the liquor was untrue.

The matters complained of in bills of exception Nos. 1 and 3 will not occur upon another trial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*