### HAL RANCIER V. THE STATE.

No. 15965.   Delivered June 7, 1933.
Rehearing Denied October 25, 1933.
Reported in 63 S. W. (2d) 697.

The opinion states the case.

*James Cornell, R. G. Hughes,* and *D. B. Hardeman,* all of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Lucian Dunn by shooting him with a gun.

Deceased was killed at 2 o'clock in the morning near a building owned by appellant. Appellant reported the matter to an officer, saying that he killed deceased because he was trying to break into his place of business. Appellant did not testify in his own behalf. The proof on the part of the state was to the effect that shortly prior to the homicide appellant and deceased had been in a cafe; that deceased left the cafe; that after leaving the cafe deceased was talking to some parties in an automobile; that appellant called to deceased, and deceased went toward appellant; that a short time after deceased had been talking to the parties in the automobile some shots were heard. Further, the testimony of the state was to the effect that appellant had previously stated that he did not like deceased and would rather he would not come into his place of business.

Complaint is made in three bills of exception of the argument of the district attorney. It is certified in each of these bills that the district attorney was widely known in Ector county at the time of the trial; that he was the son of a former congressman and a former United States district judge; that he was a man of high standing, of good repute and character, and worthy of belief; that he was familiar with the premises at the scene of the alleged homicide, having visited same prior to the trial. One of the arguments complained of was as follows: "I am just as convinced from the evidence in this case of the defendant's guilt and that a fair trial would be one of guilty with a long penalty imposed as I am that it is daylight outside." We quote another argument: "I do not have to try cases because indictments are returned. Any number of indictments might be returned and it would be within my power to dismiss them. I actually try only cases against those defendants whom I believe to be guilty from the testimony against them." Looking to the argument last above quoted, it is observed that in Hinton v. State, 144 S. W., 617, the district attorney used the

following language: "If I did not believe a man was guilty in my heart, I would not prosecute him; and, if I didn't believe that defendant was guilty of assault to murder in this case, I would tender my resignation to the Governor of the State of Texas before I would prosecute him." The court held that the argument did not alone present a ground for reversal. It was said, however, that it was improper for the district attorney to express his personal belief as to the guilt of the accused. As to the argument first set forth, it appears to be no more than a statement by the district attorney that from the evidence he was convinced that appellant was guilty. In Ross v. State, 245 S. W., 680, counsel for the state, in his argument, said that the defendant was "as guilty as Cain." In declining to predicate a reversal upon the argument, this court said: "While it is held that the attorney for the state should not express his individual opinion as to the guilt of the accused, we know of no case in which a violation of this rule, where the language used was no stronger than that appearing in the instant case, has been held to be cause for reversal." In Franklin v. State, 283 S. W., 802, the district attorney used language as follows: "We can look at this negro (appellant) and identify her the next time we see her. We know that she was lying. You, gentlemen, know that she is lying. You know that she is nothing more than a hijaker." Expressing the opinion that the language might have been more apt, this court said that such language could not be characterized as an effort on the part of counsel to state facts not in evidence. We quote from the opinion: "Beyond doubt, counsel for the state should refrain from expressing opinions of guilt. * * * But the nonobservance of this rule does not always warrant a reversal. In fact, arguments in which are contained no statements violative of some mandate of the statutes must be weighed by the setting in which they occur and the result of the trial rather than by the words themselves."

The last argument complained of was as follows: "I am fully convinced of the truth of the testimony of the witness McKnight and had I not been I would not have used him as a witness." McKnight testified that he was talking to deceased on the night of the homicide when appellant called to deceased and deceased went toward appellant. This testimony tended to militate against the conclusion that appellant shot deceased because he was trying to enter his place of business. It is appellant's contention that the argument was calculated to impress the jury with the view that the district attorney knew that the witness McKnight was a credible person. We find nothing in

the language that brings it within the holding of Thomas v. State, 6 S. W. (2d) 118. There the issue of guilt was closely contested. The district attorney informed the jury that he had known the principal state's witness for several years and that when he told him he had bought intoxicating liquor from the accused he believed him and still believed him. It was held that the argument was, in effect, the unsworn testimony of the district attorney that the witness' reputation for truth and veracity was good. In the present case, the district attorney did no more than to state that the testimony of the witness convinced him that he was telling the truth.

We are unable to reach the conclusion that the bills of exception manifest reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we reached a wrong conclusion regarding the argument of the district attorney and urges that there is no difference between the argument here complained of and that discussed in Long v. State, 120 Texas Crim. Rep., 373, 48 S. W. (2d) 632.

We have again carefully reviewed the question and have been unable to reach the opinion that we were wrong in the conclusion announced in our original opinion. We furthermore think the language employed in the two instances distinguish this case from Long v. State, supra.

The motion fo rehearing is overruled.

*Overruled.*