JOE RUSHING V. THE STATE.

No. 21146. Delivered June 19, 1940.

The opinion states the case.

*H. F. Grindstaff,* of Rotan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the sale of whisky in a dry area. The punishment assessed is confinement in the county jail for a period of thirty days.

The record reflects that upon the trial of the case appellant admitted that Fisher County was a dry area.

The State introduced J. M. Rich, an agent of the Texas Liquor Control Board, who testified that on the 11th day of June, 1939, he went to the appellant's place of business located at Rotan, in Fisher County, and purchased from him one pint of "Spot" liquor; that he paid appellant $1.50 for said liquor; that when he left the appellant's place of business he went immediately to the office of the Sheriff of Fisher County and delivered to him the whisky in question, which was identified by the witness when offered in evidence.

Appellant took the witness-stand in his own behalf and testified that J. M. Rich employed him to gather horses for him; that he offered to pay appellant $20.00 if he could gather him a herd of horses. He denied that he sold any whisky to Rich either on June 10th or 11th or at any other time; that sometime prior to June 10th or 11th, the witness Rich came to the appellant's place of business and left some beer; that on the morning of June 11th he came back and called for the beer which he had left there.

A. C. Dyson, who was a son-in-law of the appellant, testified that he was at the appellant's place of business on Sunday, June 11th when J. M. Rich was there; that he heard Rich ask for some beer which he had theretofore left at the appellant's place of business; that appellant and Rich drank some of the beer; that no money was passed, and that appellant did not sell or offer to sell any whisky to Rich.

Luther Milwee testified that he was at the appellant's place of business on the morning of June 11th; that J. M. Rich came there and drank some beer with the appellant; that appellant did not sell any whisky to Rich; that he (witness) was not related to the appellant in any way.

This was all of the testimony adduced upon the trial of the case.

Appellant urges five legal propositions upon which he asks for a reversal of this case. We do not deem it necessary to discuss all of them in view of the disposition we are making of the case as some may not arise again upon another trial.

By Bill of Exception No. 4 appellant complains of the action of the court in permitting the County Attorney, over the appellant's objection, to ask Luther Milwee on cross-examination if he had not on a former occasion testified in behalf of Jim Gallagher, who was being tried for having violated the liquor law, to which question appellant objected because it was irrelevant, immaterial and highly prejudicial. The objection was overruled and the witness was compelled to testify relative to being a witness in the case of the State of Texas vs. Jim Gallagher. The bill shows, and the court so certifies, that Jim Gallagher had been convicted in Fisher County several times for violations of the liquor laws; that he was twice under injunction of the District Court with reference to liquor law violations and his cases had been before the court many times, all of which was well known to the jurors of Fisher County;

that the County Attorney, by being permitted to go into the matter held the witness up to the jurors as a supporter of bootleggers and thereby discredited his testimony.

We think this action on the part of the trial court reflects reversible error. It left the impression with the jury that the witness Milwee was standing in with the bootleggers; that he was a witness for the bootleggers; that he was attempting to assist them in escaping punishment for such violations of the law. Such question on the part of the County Attorney tended to discredit the witness, who had testified that he was present on the day in question and that appellant did not sell any liquor or whisky to J. M. Rich. He being the only disinterested person who testified on behalf of the appellant, the fact that the witness Milwee did testify in the cases against Jim Gallagher did not tend to shed any light upon the question at issue in this case, and the only purpose that it could serve was to discredit the witness in the eyes of the jury.

In Texas Jur. Vol. 44, p. 1156, sec. 153, it is stated that generally speaking, the court should refuse to permit a witness to be cross-examined as to matters that are irrelevant and immaterial to any issue in the case. See Coker v. State, 103 Texas Cr. R. 588; Ross v. State, 53 Texas Cr. R. 295.

By Bill of Exception No. 5 appellant complains of the following remark made by the County Attorney in his closing argument to the jury: "I and the other officers of the county had brought J. M. Rich, Inspector of the Liquor Control Board, into the county for the specific purpose of catching Joe Rushing and Jim Gallagher."

Appellant then and there in due time objected to the remark upon the ground that the same was the unsworn testimony of the County Attorney; that it was inflammatory and prejudicial. The court sustained the objection insofar as it related to Jim Gallagher but overruled the objection insofar as it related to the appellant, Joe Rushing, to which action of the court the appellant excepted. It occurs to us that the remark was entirely uncalled for. There is no evidence in the record that the County Attorney and the other officers imported J. M. Rich, Inspector for the Texas Liquor Control Board, into the county for the specific purpose of catching the appellant and Jim Gallagher for violations of the liquor law. The remark, if not directly, then indirectly, conveyed the idea to the jury that the County Attorney and the other officers knew that the appellant, as well as Jim Gallagher, was violating the local option law in Fisher

County. That this remark was prejudicial and harmful is obvious. It should not have been indulged in. See Beckham v. State, 123 Texas Cr. R. 108; Boyd v. State, 108 Texas Cr. R. 221; Benavides v. State, 111 Texas Cr. R. 361; Lynch v. State, 81 Texas Cr. R. 64.

The other matters complained of most likely will not arise again upon another trial and therefore we pretermit a discussion thereof.

For the errors herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.