In the Matter of the Application of LORETTA IVORY, as Administratrix, etc., of JOHN S. IVORY, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld. LORETTA IVORY, as Administratrix, etc., of JOHN S. IVORY, Deceased, Appellant; JOHN T. MAGAN, Respondent.— In a discovery proceeding the Surrogate's Court has held that the respondent, as executor of the last will and testament of Mary Tuite, has a lien on a certain bank book in the sum of $500. From this determination the petitioner in the Surrogate's Court appeals. Decree of the Surrogate's Court, Queens County, reversed on the law and the matter remitted to the Surrogate's Court for a new hearing, with costs to appellant to abide the event. The testimony of the witness Magan as to the declarations made by Mary Tuite, giving her version of the transaction, was incompetent and hearsay. (*Matter of Berardini*, 238 App. Div. 433; affd., without opinion, 263 N. Y. 627.) Having once objected to the receipt of the testimony and having taken an exception to the overruling of the objection, it was unnecessary for the appellant's attorney to repeat his objections to subsequent questions calling for the same class of evidence and relating to the same subject-matter. (*Church* v. *Howard*, 79 N. Y. 415; *Sherman* v. *D., L. & W. R. R. Co.*, 106 id. 542, at p. 547.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

In the Matter of the Accounting of EUPHEMIA GRAHAM NEWTON, as Executrix of ALEXANDER NEWTON, Deceased Former Committee of DAVID NEWTON, an Incompetent World War Veteran. AMERICAN SURETY COMPANY OF NEW YORK, Appellant; EUPHEMIA GRAHAM NEWTON, as Successor Committee of DAVID NEWTON, an Incompetent Person, FREDERICK A. KECK, Special Guardian of DAVID NEWTON, an Incompetent Person, and U. S. VETERANS ADMINISTRATION, Respondents.— Order fixing the fee of the special guardian of the incompetent, etc., modified by striking out the last three decretal paragraphs thereof, and, as thus modified, the order is unanimously affirmed, without costs. In a proper case the court has power to surcharge a fiduciary for the value of services rendered by a special guardian in recouping from the fiduciary funds which belong to the estate. In a prior decision this court affirmed the finding that the ownership of the real property was in the incompetent, who held legal title (*Matter of Newton*, 254 App. Div. 879), but the undisputed evidence in that proceeding shows that at the very least the father had an arguable claim of ownership of the real property. Since the fiduciary would be justified in asserting the claim, even though it was not sustained, the surety likewise was entitled to urge the same claim. There was no impropriety or misconduct shown on the part of the deceased committee, such as would have required his removal; and under all the facts and circumstances of the case his estate should not be surcharged with the amount of the special guardian's fee. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.