[L. A. No. 22231.   In Bank.   July 25, 1952.]

MOUNTAIN STATES CREAMERY COMPANY, Respondent, v. GEORGE TAGERMAN, Appellant.

David C. Marcus for Appellant.

George Penney and Jean Wunderlich for Respondent.

GIBSON, C. J.—Defendant Tagerman has appealed from a judgment against him, and his principal contention is that the trial court erred in permitting plaintiff to file an amended complaint to conform to the proof.

The original complaint alleged that defendants Tagerman and Garrett were partners, doing business under the name of the Garrett Distributing Company, that between February 6 and March 5, 1948, plaintiff sold and delivered to defendants certain goods in the total amount of $8,716.50, and that no part thereof was paid except the sum of $2,076.50, leaving a balance due and owing plaintiff of $6,640.   It was

also alleged in separate counts that defendants were indebted to plaintiff for the balance due upon an open book account and an account stated.

When the case was called for trial, plaintiff was given permission, over Tagerman's objection, to file an amended complaint alleging that the goods were sold to Garrett while he was doing business as an individual, that thereafter, on March 17, 1948, Garrett formed a partnership with Tagerman, and that as part of the consideration for the transaction Tagerman promised to pay the debt due plaintiff. Tagerman at first acquiesced in the filing of the amendment and then sought a continuance in order to file a demurrer, whereupon plaintiff's counsel withdrew the amended complaint but announced that he would later ask leave to amend to conform to proof. The trial proceeded on the original pleading, and over Tagerman's objection the court admitted evidence that he entered into a partnership or joint venture with Garrett and promised to pay Garrett's debt to plaintiff. At the close of its case, to conform to the proof, plaintiff was permitted to file an amendment setting forth substantially the same allegations as the amended complaint which was withdrawn at the beginning of the trial.

Tagerman then presented his defense and denied that he had agreed to assume the debts of Garrett as alleged in the amended complaint but testified that the agreement was that the debts should be paid out of the profits of the venture, if any. More than a month after the case was submitted, and before any findings were made, Tagerman made a motion to vacate submission and for permission to introduce additional evidence. He stated that the purpose of the motion was to permit him to meet and properly defend as to matters alleged in the amended complaint, and that the additional evidence was necessary in order that his rights might be fully preserved and protected. The motion was granted, the case was reopened, and Tagerman introduced his evidence. After resubmission of the case the court found and concluded that Tagerman had agreed to pay the balance of $6,640 due plaintiff. Judgment was entered accordingly.

▪ The trial court, in its discretion, after notice to the adverse party, may allow an amendment to any pleading upon such terms as may be just (Code Civ. Proc., § 473), and the question to be decided is whether reversible error was committed under the circumstances shown here. ▪ It appears that Tagerman was given notice of the intended

amendment at the outset of the trial, and it is clear that he was afforded ample opportunity, both before and after the case was reopened, to present all desired defenses and that he took advantage of that opportunity. Defendant did not plead or otherwise raise the statute of limitations, and we are not presented with a case where it is claimed that there is an attempt to set up a new cause of action that is barred by the statute.* Tagerman has not shown that he was in any way prejudiced by the court's ruling.

The evidence is sufficient to support the judgment. The existence of the debt is not disputed, and there was testimony that Tagerman promised to pay the outstanding obligations of the Garrett Distributing Company. All conflicts must, of course, be resolved in favor of the findings of the trial court.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

---

*Even where the statute of limitations is involved, an amendment is permissible, and it will be held to relate back to the date of filing the original complaint unless it sets forth an entirely different cause of action. (*Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713, 717-718 [128 P.2d 522, 141 A.L.R. 1358]; *Frost* v. *Witter*, 132 Cal. 421, 424-427 [64 P. 705, 84 Am.St.Rep. 53]; see Clark on Code Pleading [2d ed. 1947] p. 731.)