## HARRELL KING V. STATE

No. 25498. November 28, 1951.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) December 12, 1951.

Hon. J. Harris Gardner, Judge Presiding.

*Jack Gibberson*, Austin, for appellant.

*Bob Long*, District Attorney, *Thomas D. Blackwell*, Assistant District Attorney, and *George P. Blackburn*, State's Attorney, all of Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, death.

Several of those present at one of Austin's East Sixth Street taverns testified that appellant had been seated at a rear booth thereof for some time on the morning of the homicide; that the deceased, the appellant's wife, had come into the tavern and occupied a booth nearer the front, alone. They further testified that after the passage of approximately an hour, during which time deceased and appellant did not speak to each other, appellant left the tavern. The same witnesses related that shortly thereafter appellant re-entered the tavern, went up to the booth where deceased was still seated alone and, without any salutation or warning, stabbed deceased in the chest which caused her death almost immediately.

Appellant was arrested shortly thereafter and made a con-

fession, identifying the knife which he had used and charging deceased's infidelity as a motive. The confession further relates that appellant and deceased had been separated off and on during the marriage and were so separated at the time of the homicide.

Appellant did not testify but defended, we must assume, on the grounds of temporary insanity resulting from the voluntary recent use of ardent spirits. Several witnesses for appellant testified that they had seen him drinking on the morning of the homicide.

Bill of Exception No. 1 seeks to complain, for the first time in this court, that the trial court in that portion of his charge relative to specific intent *assumed* that appellant had done the killing and that such charge was therefore on the weight of the evidence.

An examination of the remainder of the charge reveals that the jury were amply instructed in several paragraphs thereof that they must find appellant guilty of the charge against him beyond a reasonable doubt, and that if they failed to do so, they should acquit.

The bill specifically recites that no objection was made to the trial court and that no specially requested charges were tendered to the court.

It will also be noted that the evidence raises no issue as to who killed deceased other than that raised by the plea of not guilty. In such cases the trial court may assume the truth of such fact without infringing the rule against comment on the weight of evidence. Tex. Digest Crim. Law, Key 761 (9).

We find that practically the identical charge as given here was approved by this court in Stroud v. State, 127 Tex. Cr. R. 486 77 S. W. (2d) 237.

Bill of Exception No. 2 complains of the admission in evidence of proof that appellant was a panderer or pimp. A peace officer was asked if he knew what appellant did for a living. Appellant objected on the grounds that any answer to this question would not be material and would be prejudicial. The court overruled the objection, and the officer testified that he took money from his wife, which made him a pimp. On cross-exami-

nation, the officer admitted that his knowledge of the matter was based upon hearsay. At this point, the court called the appellant and his attorney to the bench and asked if they desired an instruction to the jury to disregard such evidence, and both of them stated that they did not desire such an instruction. The bill further reflects that later in the trial other evidence was introduced without objection to the effect that appellant had caused his wife to become a prostitute and that such was the means of appellant's livelihood.

Irrespective of the fact that this bill does not present the question squarely for our review, we here decide that in a case of this nature, where it is properly shown that the husband, who is also a procurer for his wife, kills his wife, who is a prostitute and who has left him, that under the terms of Article 1257a, Penal Code, this relationship of the parties is provable as "previous relationship existing between the accused and the deceased . . . going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury." This is an additional relationship other than that of husband and wife, and is made admissible for consideration by the jury by virtue of the above article.

Bill of Exception No. 3 relates to a portion of the closing argument of the district attorney in which he stated that he knew more about pimps than any one of the jurors and, among other things, that appellant was the lowest type thereof, because he had been pimping for his own wife.

The bill shows that at the time the argument was made appellant did not object nor did he request an instruction to the jury to disregard the same.

In White v. State, 129 Tex. Cr. R. 59 84 S. W. (2d) 465, we cited with approval our holding in Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548, wherein we said:

"We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case."

Especially do we approve the soundness of this rule where no objection is made at the time of the argument. The fact that

the prosecutor knew all about pandering in itself alone could not have been prejudicial to accused, violated no mandatory provision of the statute, and injected no harmful fact into the case that will require a reversal. It is only those facts which are new and harmful that bring about such a result. The remainder of the argument complained of, being based upon evidence properly before the jury, does not reflect error.

Finding no reversible error, the judgment of the trial court is affirmed.