Aurelio MURO, Appellant,

v.

The STATE of Texas, Appellee.

No. 37328.

Court of Criminal Appeals of Texas.

Feb. 3, 1965.

Rehearing Denied March 24, 1965.

John Whiteside, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, five years.

The injured party Martinez testified that he went to the Cactus Bar on the night in question and was seated alone drinking a beer when appellant called out to him from the other end of the curved bar and asked why he was staring at him. He stated that he informed appellant, who was a stranger to him, that he was not staring at him. Sometime later, as Martinez was going to the rest room, the appellant called him over and made the same inquiry again and received the same reply. He testified that appellant later came to where he was seated, said "I thought I told you not to be staring at me" and grabbed him by the shoulder, that he pushed appellant away, that appellant fell to the floor, got up, pulled a pistol and shot him in the leg. Martinez stated that he was unarmed and made no threatening gestures toward appellant just prior to being shot, and that appellant fired several shots toward him, but that he was only hit once and that thereafter he ran from the bar and fell in the street.

It was shown by medical testimony that the wound was of a serious nature resulting in Martinez' being hospitalized for protracted periods.

It was shown that appellant fled from the bar, but upon advice of counsel surrendered himself to the police the following day.

The barmaid Esther testified that she overheard appellant and Martinez talking but was unable to repeat what they said, that appellant later came to where Martinez was seated, put his hand on him, and that Martinez placed his hand on appellant following which appellant fell to the floor, got up and started shooting at Martinez who was standing silent and motionless.

Empty spent shells and bullet holes were found in the bar when the officers arrived moments later, but appellant was nowhere in sight.

Defense witness Flores, who left the bar prior to the shooting, testified as to the conversation between appellant and Martinez, stated that Martinez was angry, had his hand in his hip pocket, and would not accept appellant's apology.

Appellant, testifying in his own behalf, stated that he armed himself and went to the Cactus Bar, called to Martinez, "Pete, come here," thinking that he was someone he knew. He further testified that Martinez became angry and either pushed or hit him, caused him to fall to the floor, and that he fired at Martinez in a sitting position because Martinez had put his hand in his pocket earlier in their encounter and because "he could have pulled something or hit me in the head, or whatever he felt like doing" while he was down on the floor. Appellant admitted that he saw nothing in Martinez' hand at the time he fired.

The jury resolved the conflict in the evidence against appellant and we find the evidence sufficient to support the conviction.

■ By brief and in argument appellant contends that the court erred in permitting the prosecutor to cross examine appellant as follows:

"Q. Mr. Muro you stated in answer to your lawyer's questions * * * Did you carry a pistol often? * * *. 'No sir' * * *

"A. Yes sir.

"Q. You have carried a pistol before?

"A. Yes sir.

"Q. For what reason?

"MR. WHITESIDE: Your Honor, we object to that * * * It wouldn't *ne* material to any issue * * *

"THE COURT; I am going to overrule that.

"A. I don't know of any reason."

Appellant had testified earlier in answer to his counsel's questions that he did not know why he took his pistol out of the glove compartment of his automobile and put it inside his belt prior to entering the bar and that he did not make a habit of carrying a gun with him.

Clearly there was no error shown.

■ Appellant's witness Flores testified that he was employed by a vending company as a burglar alarm man and worked on them. On cross examination he was asked if he worked on burglar alarms during the daylight hours. Appellant's objection was sustained and the prosecutor apologized to the court and stated that he was making a small joke. We have been cited no authority and know of none which would require that the above calls for a reversal.

■■ By a document entitled "Supplemental Statement of Facts on Hearing on Motion for Extension of Time" appellant has attempted to bring before this Court *excerpts* from the argument of the prosecutor. It is only where the entire argument of the prosecutor is brought forward in a separate statement of facts that this Court will consider informal bills of exception brought forward thereby.

■ Appellant cannot claim newly discovered evidence where he knew of the existence of the missing witness and did not call him to testify. Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612.

■ The trial judge was not disqualified because he had been an assistant district attorney at the time of the offense, but had no recollection of working on the case, and was assigned to work only on capital cases and to act as legal advisor to the Commissioners Court at the time the case was filed. Since this case did not come within the purview of his assignment as assistant criminal

district attorney and since he had no recollection of the case, he was not disqualified to sit on the case as trial judge. Utzman v. State, 32 Tex.Cr.R. 426, 24 S.W. 412; Prince v. State, 158 Tex.Cr.R. 65, 252 S.W. 2d 945; and Wood v. State, 166 Tex.Cr.R. 94, 311 S.W.2d 409.

Finding no reversible error appearing, the judgment is affirmed.