Jerry HOLMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 38801.

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

———◆———

Harkness, Friedman & Kusin, by Sherman A. Kusin, Texarkana, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is murder; the punishment, 15 years.

Sentence was pronounced and notice of appeal given on May 8, 1965.

The sufficiency of the evidence is not challenged. The facts are summarized in the appellant's brief as follows: "Witnesses for the State testified that the Defendant and the Deceased, Lewis Meadows, had been arguing and that Defendant had gone home and gotten his shotgun and returned to the place of the argument and shot the deceased. The defense based its case on self-defense, and that Mr. Meadows also had a gun."

Meadows was dead when the officers arrived and it was stipulated that he died as a result of the gunshot wounds.

Appellant did not testify.

■ There were no exceptions relating to the court's charge submitting murder with and without malice and the defense of self-defense. The jury resolved the issues against appellant and the evidence is sufficient to sustain the conviction.

There are no formal bills of exception.

The sole claim of reversible error relates to the closing argument of the district attorney.

■ Under the holding of this Court in Muro v. State, 387 S.W.2d 674, such claim of error is not before us by informal bill, the argument of the District Attorney not being brought forward in a separate statement of facts.

The only objection shown to have been made during the closing argument of the District Attorney, and the court's response to such objection, was:

"MR. FRIEDMAN: Object to this line of argument, Your Honor. What the District Attorney has—believes is immaterial and irrelevant.

"THE COURT: Well, let's just stay within the record, gentlemen."

█ Assuming that the claimed error in the argument is before us and that the objection was sufficient, the remarks of the District Attorney which immediately preceded the objection were to the same effect as his remarks elsewhere in his argument to which there was no objection: "I need you. That man performed a cold-blooded killing. He ought to be sent to the penitentiary. * * * · I am asking you to let your own consciences tell you whether that man acted in self-defense. There is no way you will ever get me to believe it."

The judgment is affirmed.