Lyonell **GASERY**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 43596.

Court of Criminal Appeals of Texas.

April 14, 1971.

Russell M. Stanley, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is burglary; the punishment was assessed by the jury at six years.

First, appellant complains of improper jury argument. The statement of facts does not contain the jury argument and the record shows no formal bill of exception as required by Art. 40.09, Sec. 6, Vernon's Ann.C.C.P. No request appears to have been made by appellant that the court reporter take the jury argument, as provided by Art. 40.09, Sec. 4, Vernon's Ann.C.C.P. Therefore, the same is not before us for review. See Smith v. State, Tex.Cr.App., 430 S.W.2d 496; Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Wagoner v. State, Tex.Cr.App., 402 S.W.2d 738; Martinez v. State, Tex.Cr.App., 400 S.W.2d 764.

It is contended that we should consider, as an *informal* bill of exception, the following:

"MR. STANLEY: Comes now the attorney for the Defendant, Lyonell Gasery, in open court in the presence of Judge Walker, presiding there over, and the attorney for the State, Mr. Jack Bodiford. The State will agree in the record that Mr. Bodiford during his—

"MR. BODIFORD: That is your stipulation, not mine. I don't join you in that.

"MR. STANLEY: In the presence of the attorney for the State and His Honor, I will state into the record that Mr. Bodiford the attorney for the State, made the argument in open court to the jury that the Defendant had broken into or was attempting to break into a drug store.

" 'What do you do with drugs? There are two things you can do with them. You can shoot it or sell them,' or to that effect.

"I duly object to such arguments and request a motion for a mistrial.

"THE COURT: Let the record show, Mr. Conroy, that a motion for a mistrial was overruled. The jury was admonished not to consider the statement of the Assistant District Attorney for any purpose whatsoever."

It is only where the entire argument of the prosecutor is contained within the statement of facts that this court will consider informal bills of exception brought forward thereby. Holmes v. State, Tex.Cr.App., 398 S.W.2d 121; Muro v. State, Tex.Cr.App., 387 S.W.2d 674.

Ground of error number one is overruled.

■ Next, appellant contends there is a material variance between the proof and the allegation in the indictment. The evidence reflects that after a Weingarten store was broken into there was an attempt to get into the safe by burning the knob. Appellant contends that constituted burglary by explosives and the offense charged should have been burglary by explosives under Art. 1398, Vernon's Ann.P.C. This contention is without merit. The indictment charged that:

" * * * Lyonell Gasery and Edward Allen Shelley in said County and State, on or about the 3rd day of March, A.D. 1969, did break and enter a house then and there occupied and controlled by Alonzo R. Richardson with the intent then and there to fraudulently take therefrom corporeal personal property

therein being and then and there belonging to the said Alonzo R. Richardson from the possession of the said Alonzo R. Richardson without his consent and with the intent then and there to deprive the said Alonzo R. Richardson of the value of the same and to appropriate it to the use and benefit of the said Lyonell Gasery and Edward Allen Shelley."

Alonzo R. Richardson testified that he was manager of the Weingarten's Store; that it was broken into without his consent or permission. When asked if anything was taken therefrom he stated:

"A.   Yes, sir.

"Q.   Tell me what was taken.

"A.   We were missing some stamps, missing Big Bonus Stamps, between the sum of $60, $65 cash that the employees contributed when they got their checks, a dime or so a week. It wasn't locked in the safe. It was in a cigar box. It was gone. One of the employees paid for a car license. She just gave a check for it, so it was stapled to the receipt of the car license. It was laid out on the table. The check was gone. The receipt was still there. It was a radio that belonged to the custodian, it was missing."

Breaking and entering the building with intent to commit the crime of theft constituted burglary as defined in Art. 1390, V.A.P.C.

Ground of error number two is overruled.

■ By his third and fourth grounds of error, appellant contends that the evidence recovered from an automobile was the result of statements made by him and Shelley while they were under arrest; that the statements were not freely and voluntarily given; and, that this was not resolved by the trial court.

The record reflects that appellant and Shelley were arrested at approximately 3:00

A.M. on March 3, 1969, at the back of a drug store in the 5100 block of Montrose, in Houston. "They were prying on an air conditioner, trying to get into the building." The officers who made the arrest were answering "a silent business alarm." Upon making the arrest the officers "searched them and gave them their legal warning."

The question before us at this juncture is not the admissibility of a statement. Rather it is whether the arrest, under these circumstances, would give the officers justification to search the appellant and the parked car in the immediate vicinity.

When appellant was arrested he "had a tire tool in his hand which he was using to pry in the air conditioner." The officer then went over to the parked car in the immediate area and "found in the front part of the car a bank bag which—I can't remember what bank it was on. A bank bag was inside and a chisel and glass cutter were inside the bank bag." The bank bag was shown to be a Bank of the Southwest bank bag similar to the one taken in the burglary at Weingarten's and a search of the trunk of the car revealed contents identified as property taken in the burglary.

The arrest was lawful under Art. 14.03, V.A.C.C.P. We hold that, under the evidence presented in this case, there was probable cause for the search of appellant and the car. Moses v. State, Tex.Cr.App., 464 S.W.2d 116, decided March 10, 1971; Newhouse v. State, Tex.Cr.App., 446 S.W.2d 697; Taylor v. State, Tex.Cr.App., 421 S.W.2d 403; Chambler v. State, Tex.Cr.App., 416 S.W.2d 826.

Grounds of error three and four are overruled.

Finally, appellant's pro se briefs have been reviewed and the contentions therein are overruled.

Finding no reversible error, the judgment is affirmed.