**Raymond Eugene WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44631.**

Court of Criminal Appeals of Texas.

March 22, 1972.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. Trial was before a jury, which assessed punishment at confinement for 75 years.

Appellant does not question the sufficiency of the evidence. In his brief, appellant raises three grounds of error, each of which concerns the validity of an in-court identification by one of the State's witnesses, George Kessler.

The evidence indicates that on August 5, 1969, appellant entered a jewelry store in the city of Houston. He entered alone, and approached a showcase which con-

tained diamonds. The manager of the store, Kessler, approached the appellant and a discussion ensued about the diamonds. After three to five minutes had elapsed, another man entered the store and went to another counter. Kessler then asked Gilmore, another employee, to come from the back of the store and assist the second man. For approximately two more minutes, Kessler continued talking with appellant while Gilmore assisted the other man. At that point, the other man moved as if he were going to leave the store, but then walked behind the counter where Kessler was standing and pulled a gun. Appellant then pulled his gun. The two men then signaled to a third man who was outside the store. The two then told Kessler, Gilmore and Kessler's wife, who was in the store, to move to the back room. Gilmore and Kessler's wife went into the back room with appellant, who held them there at gunpoint. Kessler and the other robber went to the front of the store where Kessler, at the other man's behest, took all the money from the cash register, some diamonds, other jewelry, and assorted merchandise and gave all of it to the man. Kessler then returned to the back room. Appellant and his companion then left, after debating whether to kill the victims, and tearing the phone from the wall. Gilmore and Mrs. Kessler were in the back room for approximately five minutes with appellant. After Kessler and the companion returned, the five were together in the room for approximately five minutes more. The testimony of Kessler, Mrs. Kessler, and Gilmore was essentially the same.

Appellant contends in his first two grounds of error that Kessler's in-court identification was erroneously admitted. He maintains that the identification was the result of a lineup which was invalid because he was without counsel at the time it was conducted.

Prior to the taking of testimony on the case in chief, and outside the presence of the jury, the trial court conducted a hearing to determine whether appellant had counsel at the time of the lineup, and whether any courtroom identification by Kessler was the result of the lineup.

At this hearing, appellant testified that he had participated in two lineups. He stated that he had told the officers that he wanted to see an attorney before he would participate in a lineup, but that the officers told him that, irrespective of whether he had a lawyer or not, he was going to be in the lineup. Appellant stated that he then signed a written waiver of counsel. Appellant, who is black, testified that his complexion is lighter than that of any of the other men who participated in the first lineup, and that he was also taller than any of the men in either lineup. Appellant also testified that during the lineup, a police officer asked him if he had previously been convicted of a crime, but asked no questions of the other participants. Appellant expressly waived objection to the admission of the waiver as follows:

"MR. GRAY: Your Honor, I object to this unless he is going to introduce it. We object to counsel reading off of it before we have had an opportunity to examine it.

"MR. LAMBRIGHT: We offer it into evidence then.

"(At this time Mr. Lambright handed the exhibit to defense counsel for his examination of same.)

"MR. GRAY: We have no objection.

"THE COURT: Admitted."

Kessler also testified at the hearing. He testified that prior to the lineup, but several weeks after the robbery, he had occasion to view photographs of various persons which were brought to his store by a police officer. The officer told Kessler nothing about the various photographs, but Kessler testified that he assumed that they were photos of persons who had previously been arrested. At this time he identified a pho-

to of appellant's accomplice. About a week later, during the first week in September, Kessler went to the police station where he again had occasion to view a group of photographs. Again, the officers showing the photographs made no comment about them. At this time, Kessler identified one of the photos as being that of appellant. Kessler could not remember whether he went to the lineup or saw the pictures first, but at about the same time, he went to the lineup where he identified appellant.

The officers made no statement to Kessler concerning the participants in the lineup. He was merely asked to observe the lineup. Kessler testified that he could not remember the appearance of the other men in the lineup, except that they were all Negroes and were approximately the same height and build. Kessler could not remember the details of the appearance of the men in the photographs. Kessler's wife was not at the lineup. Kessler testified that his identification was based upon seeing appellant at the robbery, and not at the lineup.

During the trial, Kessler testified that he described appellant to the police immediately after the robbery as being about his height (six feet, two and one-half inches). Appellant, at the hearing, testified that he was six feet and one inch in height. Kessler did not testify in the presence of the jury that he had identified appellant at the lineup.

The issue in this case is whether Kessler's courtroom identification was the product of the lineup, and if so, whether the lineup was invalid because appellant was without counsel.

■ First, we do not feel that the lineup was invalid. Appellant admitted signing the waiver. His testimony indicated that he knew that it was a waiver when he signed it. His testimony at the hearing was that he was unable to read, and that the waiver was not read to him. However,

his testimony indicated that he was aware of his right to counsel and that he knew the nature of his act in signing the waiver in any event, any objection to the admission of the waiver was expressly waived.

■ Even if the waiver was not valid, there is ample evidence that the courtroom identification was the product of independent observation and was not "tainted" by the lineup. Several factors lead us to this conclusion. First, no comment was made prior to the lineup by police officers which would have suggested to Kessler that the suspect was in the lineup. See United States v. Wade, 388 U.S. 218, 233, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Secondly, Kessler had occasion to observe appellant for approximately 10 minutes before and during the robbery. In particular, he talked with appellant at the counter for several minutes before the robbery occurred. Fitts v. United States, 406 F.2d 518 (5th Cir. 1969) cert. denied, 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77. Thirdly, Kessler testified that his identification was based upon seeing appellant at the robbery, and not upon seeing him at the lineup. Nielssen v. State, 456 S.W.2d 928 (Tex. Crim.App.1970). In any event, even if the lineup had been unduly suggestive, any error was harmless. Two other witnesses to the robbery identified appellant. Their identification is not challenged. It is established that an improper identification may be harmless error. Gilbert v. California, 388 U.S. 263, 272, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Phillips, 427 F.2d 1035 (9th Cir. 1970) cert. denied, 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106.

■ We also note that appellant, although he does not raise the issue as a ground of error, contends in his argument contained in his brief, that the identification and lineup were tainted by the showing of photographs. No evidence appears in the record to indicate that the photos were unduly suggestive, or that the officers commented on them. Photographic

identification does not automatically taint an in-court identification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Ward v. State, 474 S.W.2d 471 (Tex.Crim.App.1971); Jones v. State, 458 S.W.2d 62 (Tex.Crim. App.1970). Unless the photographic identification procedure is impermissibly suggestive, it is not error. Simmons v. United States, supra; Ward v. State, supra; Jones v. State, supra. Appellant's first and second grounds of error are overruled.

In his third ground of error, appellant contends that the trial court erred in not entering findings of fact and conclusions of law. He contends that such findings are necessary in order to indicate that the court found the evidence admissible "beyond a reasonable doubt."

While the better practice is to enter written findings, we do not feel that the failure to do so is reversible error, in the face of the evidence favoring admissibility. Martinez v. State, 437 S.W.2d 842 (Tex.Crim.App.1969). Since the trial court conducted a hearing on the issue, and since there was evidence to support a finding of admissibility, and an objection made to the finding; the trial court's action in overruling the objection was tantamount to a finding of admissibility as a fact.

In regard to the burden of proof, the burden is that the State must "establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967); Martinez v. State, 437 S.W.2d 842 (Tex.Crim.App. 1969). The State met this burden in this case. Appellant's third ground of error is overruled.

The judgment is affirmed.

ODOM, J., not participating.