Kerney Earl NASH, Appellant,

v.

The STATE of Texas, Appellee.

No. 45224.

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

Rehearing Denied Nov. 29, 1972.

Melvyn Carson Bruder, Dallas (by court appointment), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. After a verdict of guilty, the punishment was assessed by the jury at 20 years.

The essential facts of the case are not in dispute. On the night in question, at approximately 9:30 p. m., a man entered the home of the complaining witness brandishing a pistol. The six inhabitants of the house were ordered about and money was taken from several of them until, at an opportune moment, the victims turned on the robber and beat him with numerous implements until he finally quit struggling. The police were notified, and the intruder was placed under arrest.

Appellant was identified at the trial by several victims of the robbery as the offender. Appellant took the stand in his own behalf, admitted being in the home of the complaining witness at the time in question, but denied committing the offense charged.

Six grounds of error are urged by appellant, only three of which are briefed.

■ The first two of these alleged errors may be disposed of simultaneously. Appellant contends that (1) the prosecutor injected new, unsworn and prejudicial facts into the case during argument, in violation of appellant's rights under Amendments VI and XIV of the United States Constitution, and (2) that the prosecutor improperly commented upon appellant's having a prior criminal record, during the arguments on punishment, and the trial

court failed to grant a mistrial after sustaining objections to such comments.

However, the arguments referred to by appellant are not contained in the record, and it appears that no request was made by appellant that the court reporter take down these arguments. All that appears in the record is a series of numbered paragraphs that were apparently dictated to the reporter by defense counsel after the jury retired to deliberate their verdict. They each begin as follows:

"Be it remembered that on the final arguments during the trial of this cause, Mr. Jon Sparling, Assistant District Attorney, stated that . . . ."

Since nothing is presented for review on these two points, and these numbered paragraphs fail to comply with Art. 40.09, Sec. 6, Vernon's Ann.C.C.P., appellant's first two grounds of error are overruled. Gasery v. State, 465 S.W.2d 377 (Tex.Cr.App. 1971); Muro v. State, 387 S.W.2d 674 (Tex.Cr.App.1965).

■ Neither may this Court treat these numbered paragraphs as *informal* bills of exception, since it is only where the entire argument of the prosecutor is contained within the record that this Court will consider informal bills of exception brought forward thereby. Holmes v. State, 398 S. W.2d 121 (Tex.Cr.App.1966); Muro, supra; Gasery, supra.

■ The third error which appellant alleges concerns the identification testimony by the complaining witness Willie T. Anderson. Appellant contends that Anderson's identification was tainted since, he alleges, it was based on a photograph shown to him by the Assistant District Attorney prior to the trial. Further, appellant urges that such testimony was inadmissible since at that pre-trial meeting between the Assistant District Attorney and Anderson, appellant was not present or represented by counsel.

As authority for these arguments, appellant refers us to Simmons v. United States (1968), 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247; and Martinez v. State, 437 S. W.2d 842 (Tex.Cr.App.1969). Factually, Simmons is quite similar to the case at hand. In Simmons, following a bank robbery, five bank employees who had witnessed the robbery were shown snapshots of the accused and each witness identified the accused as one of the robbers. During the trial, all five bank employee-witnesses identified Simmons as one of the robbers. In refusing to hold the identification procedure improper, the U.S. Supreme Court stated:

". . . we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Id. 390 U.S. at 384, 88 S.Ct. at 971.

Applying these standards, the identification procedure used in the instant case was permissible. We have faced this issue only recently, and we would refer appellant to Williams v. State, 477 S.W.2d 885 (Tex. Cr.App.1972), in which we reiterated that photographic identification does not automatically taint an in-court identification. In Williams, as in the present case, there was no comment by the person showing the witness the photographs, and no indication of "impermissible suggestiveness" in using the procedure. See also, Dunlap v. State, 477 S.W.2d 605 (Tex.Cr.App.1972).

The witness whose testimony the appellant questions in this regard, Willie T. Anderson, had ample opportunity to see appellant from the time he entered his home until the police arrived to escort him away, a period that lasted about ten minutes. Also, in court, outside the presence of the jury, witness Anderson responded:

"Q (By State's Attorney) Did you recognize this man (appellant) in open court?

"A Yes.

\*　　\*　　\*　　\*　　\*　　\*

"Q At the time you saw the picture, you said you believed that was him, but you wanted to see him?

"A That's right.

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: The important thing is whether or not you recognize this man.

"THE WITNESS: I recognize him.

"THE COURT: You are not saying it is just the man in the picture?

"THE WITNESS: I recognize him now."

■ Clearly, the State was relying on the in-court identification and not the photographic identification. The careful trial judge followed procedures recommended by this Court in Martinez, supra, prior to permitting such in-court identification. After a separate hearing in the jury's absence, the judge dictated his findings into the record, noting that the witness had an ample opportunity to observe the appellant at the time of the commission of the offense, that he had never identified any person other than the accused in this case as being the robber, and that there was no unreasonable lapse of time between the occurrence of the events and the trial which would seem to destroy his memory. As to the fact that neither appellant nor his counsel was present when the photo identification took place, this would render the evidence inadmissible only after a finding that the identification procedure was not of independent origin, but was tainted by the identification method. Gilbert v. California (1967), 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Martinez, supra, 437 S. W.2d at 846. The trial judge found no such taint here, and the record clearly sup-

ports his findings. Ground of error # 3 is overruled.

Appellant's remaining three grounds of error are not briefed, and are not set forth in such a way that the points of objection can be clearly identified and understood by the Court, as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P.; Nichols v. State, 474 S.W.2d 205 (Tex.Cr.App.1971); Frey v. State, 466 S.W.2d 576 (Tex.Cr. App.1971).

Finding no reversible error, the judgment of the trial court is affirmed.