Francisco **BARRIENTEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45899.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Foreman & DeGuerin, by Dick De-Guerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is murder with malice; punishment was assessed by a jury at life.

Appellant presents seven grounds of error.

The record reflects that on November 3, 1970, Alex Cantu, a bartender in the Caribbean Lounge in Houston, was shot and killed by a man wielding a sawed-off shotgun. Evidence was presented that appellant and his brother John had argued with Cantu that evening, concerning the ownership of the bar. Three witnesses testified that they saw appellant shoot and kill Alex

Cantu. Appellant testified in his own behalf. He stated that although it was actually his brother who did the shooting, he (appellant) had turned himself over to the police because his brother already had a conviction for murder. Appellant testified he only wished to give his brother sufficient time to escape to Mexico.

The first three grounds of error all concern the in-court identification of appellant by Patricia Vega. Miss Vega was a waitress at the Caribbean Lounge, and she witnessed the killing. When Miss Vega attempted to identify the appellant in court, defense counsel objected, and a hearing outside the presence of the jury was held. Miss Vega testified that several days after the shooting, while at the police station, she was shown a picture of appellant which she immediately identified as the person who shot and killed Alex Cantu, the deceased. The record reflects that when shown the picture of appellant, she stated, "This is the man." Miss Vega was then shown a picture of appellant's brother, and she told the police officers he could not be the man who killed Cantu.

■ Appellant now alleges that Miss Vega's in-court identification was tainted because of the photo identification procedure used by the police. We note that the trial judge held, outside the presence of the jury, a separate hearing on the identification procedure before allowing Miss Vega to so testify. See Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969). Further, there is no evidence in the record which indicates that the identification procedure was unduly suggestive, and unless the photographic identification procedure is impermissibly suggestive, it is not error. Nash v. State, 486 S.W.2d 561 (Tex.Cr. App.1972); Williams v. State, 477 S.W.2d 885 (Tex.Cr.App.1972); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968); Ward v. State, 474 S. W.2d 471 (Tex.Cr.App.1971).

■ Appellant also contends that appellant's counsel should have been permitted to be present when the photo identification was held, since appellant was already under arrest and in custody at that time.[1] We reiterate our previous holdings that the lack of counsel at the photo identification would render the evidence inadmissible only after a finding that the identification procedure was not of independent origin, and was tainted by the identification method. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Nash, supra; Martinez, supra, 437 S.W.2d at 846.

The record in the present case discloses no impermissible suggestiveness at the identification, and further reflects that Miss Vega was able to identify appellant, independent of the photo identification. Appellant's first three grounds of error are overruled.

■ In ground of error #4, appellant states that the court erred in allowing the prosecutor to exhibit photographs to the jury which had been ruled inadmissible. The photographs in question were apparently those of Alex Cantu, the deceased. They were offered into evidence by the State, but defense counsel's objection was sustained. Appellant now contends that nevertheless, during the testimony of appellant, the prosecutor began showing these photographs to the jury. Appellant refers us to the record, where the following colloquy occurred:

"MR. DE GEURIN: Your Honor, I am sure it is not intentional, but Mr. Pecorino has pictures out that the Court ruled are inadmissible. They are in a

---

1. Appellant mistakenly relies upon two federal circuit cases, not binding on this Court; United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970) and United States v. Ash, 461 F.2d 92, (D.C.Cir.1972). The dissent in Ash notes that virtually all the state courts which have had occasion to consider this question in light of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), have rejected its application to photographic identification.

position where they can be seen and it is prejudicial. We ask that he refrain from doing that.

"THE COURT: That is overruled. Go ahead.

"MR. DE GEURIN: That is overruled?

"THE COURT: You heard my ruling, sir. Be seated."

This statement is all we have in the record before us to substantiate appellant's claim. There is no showing that the jury saw the photographs. Thomas v. State, 451 S.W.2d 907 (Tex.Cr.App.1970); Mills v. State, 455 S.W.2d 296 (Tex.Cr.App. 1970); Salazar v. State, 397 S.W.2d 220 (Tex.Cr.App.1966). Nothing is presented for this Court to review. See Hall v. State, 466 S.W.2d 762 (Tex.Cr.App.1971).

■ Appellant's fifth ground of error alleges that the court erred in denying appellant's requested instruction concerning murder without malice, in accordance with Art. 1257c, Vernon's Ann.P.C. Appellant testified in his own behalf. He denied taking a gun into the bar, denied ever holding a gun that night, and denied that he shot Alex Cantu, the deceased. Appellant testified that it was his brother who shot and killed Cantu.

■ The failure to instruct the jury on the question of murder without malice is not error unless there is some testimony which raises the issue and therefore calls for such a charge. Dickson v. State, 463 S.W.2d 20 (Tex.Cr.App.1971); 4 Branch's Ann.P.C.2d, Sec. 2302, p. 658. The case at hand is very similar to one recently faced by this Court, Garza v. State, 479 S.W.2d 294 (Tex.Cr.App.1972). In each case, the appellant denied that he was the one who fired the gun. The evidence presented here simply does not meet the test for requiring an instruction on murder without malice. See McGee v. State, 473 S.W.2d 11, 14 (Tex.Cr.App.1971); Ortegon v. State, 459 S.W.2d 646 (Tex.Cr.App.1970).

Appellant's fifth ground of error is without merit.

■ Appellant next argues that the trial court erred in denying appellant's requested instruction concerning accident. To support his contention that this was error, appellant directs our attention to the testimony of Carlos Dovilla, a witness for the State. Dovilla witnessed the shooting, and testified:

"Q   Did you see who it was that did the shooting, Mr. Dovilla?

"A   Yes. Frank.

"Q   Did you see what type of weapon he had?

"A   I would say a double-barreled shotgun, sawed-off.

"Q   But whatever it was, it was a double-barreled?

"A   Yes, sir.

"Q   What, if anything, did Frank do after this shooting took place?

"A   He turned towards us. He said— one time he said like he got scared, 'I didn't mean to', then he left with this other boy. I don't know who he was. Then his brother came back and said, 'Who shot him?'

"Q.   Did they leave together? John and Frank, did they first walk out together?

"A   Yes, sir."

Even though appellant testified that his brother John did the shooting, he now urges this Court to find reversible error since the issue of accident was not submitted to the jury. Clearly, appellant failed to raise the affirmative defense of accident, and to contend that Dovilla's testimony alone sufficiently raised the issue, upon which appellant can now stand, is absurd. Appellant directly contradicted Dovilla's testimony. Therefore, the failure to charge on the affirmative defense of accident was not error. See Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583, 586– 587.

In appellant's final ground of error, he alleges that the trial court erred in allowing the prosecutor to state what an absent witness would have said had the defense called him to the stand. During his final argument, the prosecutor stated:

"If this Defendant wants the jury to believe what he tells you, that he didn't do it, that his brother did it, in spite of three eyewitnesses, if he takes this effort to go forward with evidence, who could verify this? How about Domingo Martinez? Have we heard testimony from Martinez, the man who drove him from Pearland to the Caribbean Lounge and who stayed there with him until he left? Pearland is not Mexico, ladies and gentlemen, it is just about thirty minutes down the road. Have you heard one word from Domingo Martinez to say 'Yes, we went [to] Pearland and then went here.' They haven't seen fit to call Domingo Martinez as a witness and I wonder why. *I think you can wonder, too, ladies and gentlemen, because he is not going to go along with the story that this Defendant put down in this courtroom.* (Emphasis supplied.)

"MR. DE GEURIN: Just a moment. Your Honor, he is stating what this man would testify to if he were here. It is wrong. It is error for him to do so and I object to it and ask that the jury to be instructed to disregard that statement.

"THE COURT: The objection is overruled."

 Appellant argues that this statement by the prosecutor amounted to unsworn testimony, that Domingo Martinez, if present, would refute defendant's testimony. We cannot fully agree to this reading of the record. The statement by the prosecutor might just as easily be interpreted as an acceptable comment on the failure to call a witness. For example, could not the prosecutor's statement be taken, not as speculation on what Domingo Martinez *would* have said (unsworn testimony), but rather as an assertion that *since* Martinez is not here, he therefore, *is*

not going to go along with the story that appellant "put down in the courtroom." However, it is not the job of this Court to guess what meaning the prosecutor had in mind at that time. We recognize that the statement's meaning was unclear. The trial judge should have instructed the jury that the argument was not evidence. However, we note that three eyewitnesses testified, uncontroverted, that appellant shot and killed Cantu. It is not an unreasonable deduction from the record that Martinez who also was supposedly present at the Caribbean Lounge when the shooting occurred, would have testified to the same effect. Appellant is unable to show that he was unduly prejudiced by the prosecutor's statement. A jury argument must either be extreme and manifestly improper, or inject new and harmful facts to be reversible. King v. State, 156 Tex.Cr.R. 508, 243 S.W.2d 846 (1951). We do not view this statement as constituting such an argument. The error, if any, is not reversible.

The judgment is affirmed.