Roman Vasquez CERDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 53030.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Appellant's Motion for Rehearing Denied Dec. 7, 1977.

James S. Bates, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder; punishment was assessed by a jury at 22 years.

The facts show that appellant and several of his companions drove from the Frontier Bar in Penitas to the Colorado Bar in Sullivan City, approximately 10 miles away, to fight the deceased and his companions. Although it is less than clear just what the altercation was over, it appears that the deceased and his cohorts had had some words with appellant's friends at the Frontier Bar. The deceased was at that time armed with a .22 caliber pistol and had fired it at least once and possibly as many as three times either in the air or at the feet of appellant's comrades. This all transpired prior to appellant's arrival. The deceased and his group drove away and headed for the La Colorado Bar. When the appellant arrived he was told of the incident and became quite angered. He and his friends then went looking for the deceased. The evidence indicates that when the appellant and his three car loads of friends arrived at the La Colorado Bar a fight erupted inside the tavern. Outside the bar appellant struck deceased with a pistol and deceased fell to the ground and was kicked and stomped by appellant and his friends. The evidence indicated that the appellant fired two shots at the deceased, the first one apparently missing him, the second one killing him. The deceased at this point was apparently unconscious on the ground as appellant fired the shots while others kicked and beat him. A Mr. Flores testified that although deceased had had a gun earlier when he was at the Frontier Bar he had handed it to his brother in the car and did not have it on his person when the fighting took place at the Colorado Bar.

In his first ground of error appellant contends he was denied effective assistance of counsel as a result of the trial court's denying his motion for continuance "because counsel for the Defendant Appellant was involved in another trial in another District Court, and was not prepared to proceed to trial on this cause." The record reflects that appellant sought a continuance because counsel was involved in an election contest case, but it does not show counsel was unprepared for trial in appellant's case. Quite to the contrary, counsel, in presenting the motion for continuance, made these representations to the trial court:

" . . . I urge the court to consider our motion, not for purposes of delay, *since we can go to trial at anytime,* . . . "

" . . . I agree that this case has been set for some time. And *we would be ready but for the election contest* which, if not finished this week, will be moot. . . . "

"I advised your Honor yesterday that *I would become available here as soon as the other was final.*" (Emphasis added throughout.)

The judge in the election contest case had apparently released counsel so he could appear in appellant's case, and it does not appear that counsel was unprepared or that appellant was denied effective assistance of counsel. Cf. *Miller v. State,* Tex.Cr.App., 537 S.W.2d 725. The first ground of error is overruled.

Appellant next complains that reversible error was committed by the introduction of a written statement of state's witness Raul Bazan. On cross-examination, defense counsel read a portion of the statement made a few days after the event in an effort to discredit the witness. The state then requested that the statement *in its entirety* be introduced. It is appellant's position that the statement constituted hearsay and hence was inadmissible. The state argues that the statement was admissible, pursuant to Art. 38.24, V.A.C.C.P.,

which provides in part, "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other . . . ."

In *Roman v. State,* 503 S.W.2d 252, 253, this Court held:

"The purpose of this provision is to reduce the possibility of the fact finder receiving a false impression from hearing the evidence of only a part of the conversation, writing, act or declaration. The theory behind the rule is that by allowing the jury to hear the rest of the conversation on the same subject the whole picture will be filled out, removing any misleading effect which may have occurred from introduction of only a portion of the conversation. Obviously this purpose is achieved by receipt of the balance of the conversation *on the same subject.*"

We find the ground of error to be without merit.

■ Next appellant asserts error was committed by the introduction of a pistol into evidence. It is appellant's contention that the evidence was insufficient to connect the pistol to him.

Direct evidence showed that appellant shot deceased with a pistol. The state further offered testimony that the pistol, state's exhibit # 9, was found in a trash barrel outside the bar where the appellant worked. Ballistics tests by the Federal Bureau of Investigation confirmed that the pistol in question fired the bullet recovered from the deceased and that it was a .38 caliber pistol. There was also evidence that the appellant was the only individual who was seen with a weapon at the site of the shooting. The pistol was properly admitted. The ground of error is overruled.

■ Appellant further complains that reversible error was committed by the trial court when it received into evidence a color photograph of the deceased.

In *Martin v. State,* Tex.Cr.App., 475 S.W.2d 265, we delineated the proper standard for admission of a photograph:

". . . if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible."

Certainly it would be permissible for the state to introduce a verbal description of the deceased's body in an effort to describe the injuries inflicted upon him.

The photograph in question, although being less than pleasant, certainly could not be characterized as gruesome. It is a photograph of the deceased's head and neck area and multiple bruises and apparent cuts are depicted. It definitely does not rival the photographs complained of in *Borroum v. State,* 168 Tex.Cr.R. 552, 331 S.W.2d 314 and *Terry v. State,* Tex.Cr.App., 491 S.W.2d 161. We find nothing "in the instant case which would inflame a reasonable person sitting as a juror." *Martin, supra,* at 267.

Appellant's next four grounds of error address the jury charge. It is his contention that the trial court erred in refusing to include in the charge instructions on:

(A) accidental discharge of the weapon;

(B) self defense;

(C) the right of defendant to arm himself and seek out the deceased;

(D) voluntary manslaughter.

■ (A) Accidental discharge of the weapon. It is elementary that in the absence of any evidence that would support the submission of an issue, there is no requirement for the trial court to do so. *Brown v. State,* 171 Tex.Cr.R. 167, 346 S.W.2d 842. We note initially that appellant did not testify in his own behalf, nor did he offer into evidence any testimony which would support the submission of such an issue. In fact, appellant's witnesses testified that they did not see the appellant with a gun. The state's evidence also did

not raise the issue of accident. There is no evidence in the record which would support the submission of such a charge. The only evidence cited in appellant's brief as supportive of submission of this issue is evidence that immediately prior to the shooting there was a fight *inside* the bar. This in no way addresses the issue of accidental discharge of the weapon nor does it shed any light on the events occurring immediately before the shooting outside the bar and during the actual firing of the gun. In fact the evidence is uncontradicted that the shooting occurred outside the bar. There is no evidence that would support the proposition that the shooting in question was anything but intentional.

■ (B) Self-defense. V.T.C.A., Penal Code Sec. 9.31(a), Self-Defense, states that "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." The evidence at bar raises no issue as to any attack or apparent attack upon the person of the appellant by the deceased nor does it raise any reasonable expectation or fear of such an attack. The evidence simply does not warrant a charge as to self-defense. *Cf. Dominguez v. State,* Tex.Cr.App., 506 S.W.2d 880.

■ (C) The right of defendant to arm himself and seek out the deceased. Where no issue of self-defense is raised, a defendant is not entitled to an instruction on the right to arm himself and seek out the deceased. *Cf. Young v. State,* Tex.Cr.App., 530 S.W.2d 120; *Sloan v. State,* Tex.Cr.App., 409 S.W.2d 412.

■ (D) Voluntary manslaughter. Again, the appellant fails to point this Court to any testimony which can reasonably be said to raise the issue of whether he acted under the immediate influence of sudden passion arising from an adequate cause, the distinguishing characteristic between murder and voluntary manslaughter under V.T.C.A., Penal Code Secs. 19.02 and 19.04. Apparently the event which triggered his actions emanated from the deceased's presence at the Frontier Bar in Penitas and the firing of the .22 caliber pistol, either in the air or at the feet of several of appellant's friends, prior to appellant's arrival. Appellant became angered, and then assembled three car loads of friends to seek out the deceased and his companions at the bar in Sullivan City, approximately ten miles away. The facts of this case do not support any finding that the death of the deceased was caused "under the immediate influence of sudden passion arising from an adequate cause." Sec. 19.04(a), supra. The adequate cause required by the statute is "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." Sec. 19.04(c), supra. The charge on voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. *McCartney v. State,* Tex.Cr.App., 542 S.W.2d 156.

■ Appellant also cites *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The Supreme Court there held, "[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation *when the issue is properly presented in a homicide case,*" at 1892. (Emphasis added.) It is evidently appellant's contention that the state had the burden of disproving beyond a reasonable doubt that he acted under the immediate influence of a sudden passion arising from an adequate cause. This contention is utterly without merit. In footnote 28 of *Mullaney, supra,* the Supreme Court stated: "[M]any States do require the defendant to show that there is 'some evidence' indicating that he acted in the heat of passion before requiring the prose-

cution to negate this element by proving the absence of passion beyond a reasonable doubt. . . . Nothing in this opinion is intended to affect that requirement," at 1891. As has previously been stated, the defendant did not present any evidence indicating that he acted under such an immediate influence.

Appellant's grounds of error directed to the jury charge are overruled.

Finally, in his last ground of error appellant complains of improper jury argument. The statement of facts does not contain the jury argument and the record contains no formal bill of exception as required by Art. 40.09, Sec. 6, V.A.C.C.P. It also does not appear that any request was made by the appellant of the court reporter to take the jury argument, as provided by Art. 40.09, Sec. 4, V.A.C.C.P. Although an informal bill of exception was made, this was not sufficient to preserve error, if any, for review. "It is only where the entire statement of the prosecutor is contained within the statement of facts that this Court will consider informal bills of exception brought forward thereby." *Gasery v. State,* Tex.Cr.App., 465 S.W.2d 377, 378. See also *Holmes v. State,* Tex.Cr.App., 398 S.W.2d 121; *Muro v. State,* Tex.Cr.App., 387 S.W.2d 674. The ground of error is overruled.

No error having been reflected by the record, the judgment of the trial court is affirmed.