

# NUMBER 13-18-00251-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ASHLEE CASTILLO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the County Court at Law No. 3
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Ashlee Castillo appeals her conviction for assault family violence, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2). By three issues, which we construe as two, Castillo argues the trial court erred by failing to submit jury instructions on (1) self-defense and (2) defense of property. We affirm.

## I. BACKGROUND

Castillo was accused by information of assaulting her husband, Roberto Ramirez, in 2015. *See id.* She pleaded not guilty and proceeded to trial.

At trial, Ramirez testified that he was twenty-eight years old and had met Castillo when he was seventeen years old and she was sixteen years old. On the night of the offense, according to Ramirez, Castillo was under the influence of alcohol and narcotics, and she asked him to take her to a man's house or to the club where she worked when they were done hanging out. Ramirez explained that he told Castillo he would comply just to appease her but decided to drive her to her grandparent's house instead. Once in the grandparents' driveway, Castillo asked Ramirez for money and refused to get out of the car. Ramirez got out of the vehicle and threw a bag of Castillo's clothes that was in the car onto the lawn. Castillo exited the vehicle to gather her belongings. Ramirez testified that he re-entered the car after Castillo exited it and told Castillo that he could not help her anymore, at which point Castillo punched him five times in the face. Ramirez drove down the street, called 911, and gave a statement to police regarding the assault.

Testimony was also elicited from Ramirez regarding prior physical abuse and assaults he had committed against Castillo. He admitted that he had a misdemeanor family assault conviction from 2010 for punching and kicking Castillo and that he told Castillo he would kill her during a heated argument at some point during their relationship. Ramirez also testified that Castillo contacted him the night of the incident and informed him that she may have left her cell phone in his vehicle; however, according to Ramirez, Castillo's cell phone was not in the car.[1] The State also presented testimony from the

---

[1] It is unclear from the context of Ramirez's testimony whether Castillo called him regarding her cellphone (a) before they met to hang out or (b) after they hung out and the assault occurred.

responding officer and the 911 dispatcher. The responding officer testified he attempted to make contact with Castillo on the night of the incident but was unsuccessful.

At the jury charge conference, Castillo requested instructions on self-defense and defense of property, but the trial court denied her requests and overruled her objections to the jury charge. The jury found Castillo guilty of the offense and punishment was assessed by the trial court at one-year in the county jail, suspended for two years of community supervision. This appeal followed.

## II.    DISCUSSION

### A.    Applicable Law and Standard of Review

"[I]n each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14. If there is error and, as in the present case, the defendant preserved the alleged error, we must reverse as long as the error was not harmless. *See Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

We review a trial court's decision to deny a defensive issue in a jury charge for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A "judge must give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is contradicted or is not credible." *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013); *see* TEX. PENAL CODE ANN. § 2.03(c); *Allen v. State,* 253 S.W.3d

3

260, 267 (Tex. Crim. App. 2008). However, "there must be at least some evidence to support the defense as a rational alternative to the defendant's criminal liability." *Krajcovic*, 393 S.W.3d at 286; *see Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004).

## B.    Self-Defense

By her first issue, Castillo argues the trial court erred when it did not submit jury instructions on self-defense. Generally, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a); *Ex parte Nailor*, 149 S.W.3d at 132. Thus, self-defense requires that there be a reasonable belief in the immediate need to act. *Henley v. State*, 493 S.W.3d 77, 89 (Tex. Crim. App. 2016). A reasonable belief is a belief that would be held by an ordinary and prudent person in the same circumstances as the actor. TEX. PENAL CODE ANN. § 1.07(a)(42). Accordingly, self-defense is generally not raised when the evidence at trial "raises no issue as to any attack or apparent attack upon the person of the appellant by the [complainant] nor does it raise any reasonable expectation or fear of such." *Cerda v. State*, 557 S.W.2d 954, 958 (Tex. Crim. App. 1977); *see Ex parte Nailor*, 149 S.W.3d at 132; *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).

Castillo argues that evidence of Ramirez's past abusive conduct supported jury instructions on self-defense because the history of abusive conduct made her feel in danger that Ramirez would assault her again. Castillo also argues that self-defense was raised by the evidence because she was transported to her grandparents' house against her will. We disagree. There is nothing in the record supporting a reasonable expectation

or fear that required Castillo, at the time of the assault, to use force in order to prevent an unlawful use of force by Ramirez. *See* TEX. PENAL CODE ANN. § 9.31(a); *Cerda*, 557 S.W.2d at 958.

As mentioned, in the self-defense context, force is "immediately necessary" to protect oneself from a person's use of unlawful force only if it is needed at that moment— i.e., "when a split second decision is required." *Henley*, 493 S.W.3d at 89–90. In other words, an imagined future scenario is not enough. *See id.* at 91–92. Furthermore, the mere fact that the defendant believed the complainant might in some manner attack him or her, without evidence of any overt act or words that would lead the defendant to reasonably believe he or she was in danger, is insufficient to give rise to a right to an instruction and charge on self-defense. *Preston v. State*, 756 S.W.2d 22, 25 (Tex. App.— Houston [14th Dist.] 1988, pet. ref'd); *cf. Gamino v. State*, 537 S.W.3d 507, 512 (Tex. Crim. App. 2017) (concluding that defendant was entitled to self-defense instruction when defendant's girlfriend was threatened by three assailants and the assailants said "they were going to beat" defendant); *Walters v. State*, 247 S.W.3d 204, 207 (Tex. Crim. App. 2007) (noting that appellant received a self-defense instruction when complainant told appellant, while making a motion towards his car door, "I'm going to stop you today, once and for all"); *see also* TEX. PENAL CODE ANN. § 9.31(b)(1) (providing that use of force against another is not justified in response to verbal provocation alone).

Here, the evidence shows that Ramirez did not attack or threaten Castillo in any way; he simply re-entered his vehicle after he threw her belongings on the lawn and told her he could not help her anymore. Castillo then exited the vehicle and was standing on the lawn when she approached the car and punched Ramirez while he sat in the driver's

5

seat. Ultimately, there was no evidence that Castillo reasonably believed she was in danger or that the use of force was immediately necessary to protect herself from Ramirez's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31; *Hamel*, 916 S.W.2d at 493; *Barree v. State*, 621 S.W.2d 776, 779 (Tex. Crim. App. 1980) (concluding that defendant was not entitled to self-defense instruction, even though complainant was brandishing a knife, because there was no evidence that the complainant attempted to use or even threatened to use the knife); *Gaspar v. State*, 327 S.W.3d 349, 356 (Tex. App.—Texarkana 2010, no pet.); *Preston*, 756 S.W.2d at 25. We conclude that Castillo was not entitled to a jury instruction on self-defense; therefore, the trial court did not abuse its discretion by failing to include such in the jury charge. *See Henley*, 493 S.W.3d at 89–91; *Krajcovic*, 393 S.W.3d at 286; *Wesbrook*, 29 S.W.3d at 122; *Gaspar*, 327 S.W.3d at 356.

We overrule Castillo's first issue.

## C.    Defense of Property

By her second issue, Castillo argues that the trial court erred when it refused to submit jury instructions on a defense-of-property theory. Castillo argues a defense-of-property instruction was proper because there was evidence that her cell phone was in Ramirez's car. Again, we disagree.

Section 9.41 of the Texas Penal Code provides:

(a) A person in lawful possession of . . . tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's . . . unlawful interference with the property.

(b) A person unlawfully dispossessed of . . . tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary

6

> to . . . recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:
>
>> (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or
>>
>> (2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

TEX. PENAL CODE ANN. § 9.41.

Here, Ramirez testified that Castillo believed her phone was in his vehicle, but Ramirez did not find it after looking for it. There is no evidence that Ramirez unlawfully interfered with Castillo's cellphone or her lawful possession of it. *See id.* § 9.41(a). Furthermore, there is no evidence that Castillo was concerned with her possession of the cellphone at the time of the assault, and the most that can be inferred from the testimony is that Castillo was angry with Ramirez for some other event. Finally, under § 9.41(b), a defense-of-property instruction is applicable only if the defendant used force "immediately" or "in fresh pursuit" after he or she was dispossessed of the property. *Id.* § 9.41(b); *see Hernandez v. State*, 914 S.W.2d 218, 224 (Tex. App.—El Paso 1996, pet. ref'd) (concluding evidence was insufficient to warrant instruction on defense-of-property because there was no evidence of imminent criminal mischief and any criminal conduct had already been completed); *see also Pozzerle v. State*, No. 14-14-00610-CR, 2015 WL 5935585, at *1 (Tex. App.—Houston [14th Dist.] Oct. 13, 2015, no pet.) (mem. op., not designated for publication) (concluding that appellant, who used force to recover cell phone stolen earlier in the day, was not entitled to defense-of-property instruction because he did not act immediately or in fresh pursuit); *Salley v. State*, No. 14-97-00656-CR, 2000 WL 552193, at *3 (Tex. App.—Houston [14th Dist.] May 4, 2000, pet. dism'd) (mem. op., not designated for publication) (concluding that appellant's use of force was

7

not immediately after or in fresh pursuit after dispossession when he walked down to his van, retrieved a shotgun, returned upstairs, and shot the complainant who refused to return appellant's revolver). Again, there was no evidence here that Castillo used force immediately or in fresh pursuit after she was allegedly dispossessed of her cell phone; instead, the evidence showed that Castillo got out of the car and picked up her belongings from the lawn while continuing to talk to Ramirez.

We conclude the evidence did not raise an issue of defense of property. *See* TEX. PENAL CODE ANN. § 9.41; *Hernandez*, 914 S.W.2d at 224; *Jones v. State*, 680 S.W.2d 25, 28 (Tex. App.—Houston [1st Dist.] 1984), *rev'd on other grounds*, 706 S.W.2d 664 (Tex. Crim. App. 1986). Accordingly, the trial court did not err when it did not submit jury instructions on this defensive theory. *See Henley*, 493 S.W.3d at 89–91; *Krajcovic*, 393 S.W.3d at 286; *Wesbrook*, 29 S.W.3d at 122.

We overrule Castillo's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2019.

8